# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**BAYER HEALTHCARE, LLC,**

    **Plaintiff-**
    **Counterclaim Defendant,**

 v.                  **Case No. 08-C-0953**
                   **Consolidated With**
                   **Case No. 09-C-0108**

**NORBROOK LABORATORIES, LTD., and,**
**NORBROOK, INC. USA,**

    **Defendants-**
    **Counterclaimants.**

## DECISION AND ORDER

Plaintiff Bayer Healthcare, LLC ("Bayer") commenced this action for patent infringement under the patent laws of the United States set forth in Title 35 of United States Code. The action arises out of the filing of an Abbreviated New Animal Drug Application ("ANADA"), with the United States Food and Drug Administration ("FDA") by the Defendants, Norbrook Laboratories, Ltd., and Norbrook, Inc. USA (collectively "Norbrook'), seeking approval to manufacture and sell in the United States a generic version of the injectable animal drug product BAYTRIL® 100, prior to the expiration of United States Patent Number 5,756,506 ("the '506 patent"). This Decision and Order addresses Bayer's Civil Local Rule 7.4 expedited motions to compel discovery from Norbrook and to file material under seal.

**Expedited Motion to Compel**

Bayer seeks an order compelling Norbrook to provide complete, substantive responses to interrogatories numbers one through five of Bayer's first set of interrogatories to Norbrook and to designate a witness to testify as a corporate representative in response to Bayer's notice for a Rule 30(b)(6) deposition. Bayer maintains that Norbrook's factual representations in their motion for judgment on the pleadings places in issue the matters upon which Bayer seeks discovery.

The Federal Rules of Civil Procedure govern the scope and limits of discovery in civil cases. Rule 37(a)(3)(B) provides authority for Bayer's motion. Rule 26(b)(1) of the Federal Rules of Civil Procedure states: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." The Rule continues: "For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). In this action, these broad parameters are restricted by the Court's February 24, 2009, Scheduling Order, that limits discovery prior to May 1, 2009, to jurisdictional or pleading issues raised by Norbrook's Rule 12(c) motion.

Bayer asserts that the discovery sought by its motion to compel relates to Norbrook's motion for judgment on the pleadings that contends the Court lacks subject matter

jurisdiction over this action. In determining the relevance of a request for jurisdictional discovery in patent actions, Federal Circuit law applies. *See DDB Techs., L.L.C. v. MLB Advanced Media, L.P.*, 517 F.3d 1284, 1292 (Fed. Cir. 2008).

The Court has reviewed Bayer's interrogatories numbers one through five and Norbrook's responses to those interrogatories. Interrogatories one, two, and four relate to Norbrook's submission of the paragraph IV certification, the reasons for its withdrawal, and whether any statements in that paragraph IV certification to the FDA were inaccurate and withdrawn. Norbrook has withdrawn its paragraph IV certification. Therefore, Bayer has not established a basis for this Court to conclude that interrogatories one, two, or four are reasonably calculated to lead to the discovery of admissible evidence relating to the issues raised by Norbrook's Rule 12(c) motion.

However, interrogatory number three which requests all bases for Norbrook's belief that the paragraph IV certification has been withdrawn, and interrogatory number five which requests the bases for Norbrook's submission of a Section I Statement in connection with the ANADA appear reasonably calculated to lead to the discovery of admissible evidence relating to the issues raised by Norbrook's motion for judgment on the pleadings. Therefore, with the exception of information which is protected by the attorney-client privilege or work-product immunity, Bayer's motion to compel is granted as to interrogatories numbers three and five and denied as to interrogatories numbers one, two, and four. Norbrook must respond to interrogatories numbers three and five no later than April 10, 2009.

With respect to the Rule 30(b)(6) deposition notice, the parties' arguments are limited. Bayer requests only that the Court order Norbrook to designate a witness for examination. Norbrook asserts that Bayer does not need a Rule 30(b)(6) deposition to simply repeat information in Norbrook's sworn interrogatory response; i.e., that Norbrook has not begun any marketing plans for Norbrook's product pending the regulatory approval process.

Bayer's Rule 30(b)(6) notice lists nine topics. The topics are not limited to the subject of Norbrook's marketing plans. Furthermore, based on Norbrook's responses to Bayer's first set of interrogatories, the Rule 30(b)(6) issue will not be resolved if this Court directs only that Norbrook designate a Rule 30(b)(6) witness. The Court concludes that topics numbers three and six of Bayer's 30(b)(6) notice are likely to lead to the discovery of admissible evidence on the issues raised by Norbrook's motion for judgment on the pleadings.[1] Therefore, to that extent, Bayer's motion to compel as to the Rule 30(b)(6) notice is granted, but is denied in all other respects as to that notice. Norbrook must make their Rule 30(b)(6) witness available for deposition no later than April 10, 2009.

In light of its ruling on Bayer's motion to compel, the Court has determined that good cause exists for modifying the briefing schedule for the Rule 12(c) motion. Therefore, the April 6, 2009, deadline for Bayer's response to Norbrook's Rule 12(c) motion is extended to April 16, 2009, and the April 27, 2009, deadline for Norbrook's reply brief in support of their Rule 12(c) motion is extended to May 7, 2009.

---

[1] Topic number three is Norbrook's knowledge and projections regarding the anticipated timing of FDA approval of the ANADA and topic number six relates to Norbrook's decision to file a "Section I statement" with the FDA.

4

**Expedited Motion to Seal**

Citing Civil Local Rule 26.4 of this District, Bayer seeks an order permitting it to file under seal page three of its motion to compel discovery, along with Exhibit E to the Declaration of Jamie L. Simpson. As grounds for its motion, Bayer states that Exhibit E was produced by Norbrook under a confidentiality designation and that page three of Bayer's motion discusses the substance of that exhibit. Bayer notes that no confidentiality order has been entered in this case. However, Bayer states that it understands the importance, in the meantime, of preserving the confidentiality of both parties' sensitive material. Bayer has filed Exhibit E and page three of its motion in envelopes marked "Filed Under Seal Pursuant to Civil L.R. 26.4." Norbrook has not filed any response to the motion.

Because no sealing order has been entered in this action, General Local Rule 79.4 provides the procedure for submission of the documents that Bayer seeks to seal.[2] General Local Rule 79.4 requires that "[a]ll documents which a party seeks to have treated as confidential, but as to which no sealing order has been entered, must be filed in a sealed envelope conspicuously marked 'Request for Confidentiality Pending.'" Thus, with respect to the envelopes containing Exhibit E and page three of Bayer's motion to compel, the Court directs the Clerk of Court to add the markings "Request for Confidentially Pending," and to delete the markings "Filed Under Seal Pursuant to Civil L.R. 26.4"

---

[2]Civil Local Rule 26.4 provides for the entry of a protective order regarding the confidentiality of all documents produced during discovery, answers to discovery requests, and deposition, and sets forth a model form for a protective order.

This Circuit's case law emphasizes the Court's role in sealing documents that are filed. *See e.g., Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 546 (7th Cir. 2002); *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858-59 (7th Cir. 1994). The Court must have sufficient factual information to independently determine whether "good cause" exists for sealing a document that has been filed or a portion of a motion or brief setting forth the contents of that document. Since Norbrook designated the information as confidential, Norbrook is in the best position to provide the Court with a brief statement of any facts which Norbrook believes establish good cause to seal Exhibit E, and discussions of it on page three of Bayer's motion to compel. Norbrook may file that statement of facts by April 10, 2009. After that date, the Court will decide the expedited motion to seal.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Bayer's expedited motion to compel (Docket No. 41) is **GRANTED** as to interrogatories numbers three and five of Bayer's first set of interrogatories to Norbrook and as to topics numbers three and six of Bayer's Rule 30(b)(6) notice to Norbrook and **DENIED** in all other respects;

Norbrook must respond to interrogatories numbers three and five, and make their Rule 30(b)(6) witness available for deposition no later than **April 10, 2009**;

The Court's February 24, 2009, Scheduling Order is modified to the extent Bayer's response to Norbrook's Rule 12(c) motion must be filed no later than **April 16, 2009**;

and Norbrook's reply brief in support of their Rule 12(c) motion must be filed no later than **May 7, 2009**;

The Clerk of Court is directed to add the markings "Request for Confidentially Pending" and to delete the markings "Filed Under Seal Pursuant to Civil L.R. 26.4" on the envelopes containing the Exhibit E and page three of Bayer's motion to compel; and,

**No later than April 10, 2009,** Norbrook may file a statement of any facts that it believes provide the basis for sealing Exhibit E and excerpts or discussions of it in Bayer's expedited motion to compel.

Dated at Milwaukee, Wisconsin this 6th day of April, 2009.

                                        **BY THE COURT**

                                        *s/ Rudolph T. Randa*_____
                                        **Hon. Rudolph T. Randa**
                                        **Chief Judge**