**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**BAYER HEALTHCARE, LLC,**

        **Plaintiff-**
        **Counterclaim Defendant,**

  **v.**                              **Case No. 08-C-0953**
                                    **(Consolidated With**
                                    **Case No. 09-C-0108)**

**NORBROOK LABORATORIES, LTD., and,**
**NORBROOK, INC. USA,**

        **Defendants-**
        **Counterclaimants.**

---

**DECISION AND ORDER**

---

This Decision and Order addresses the Civil Local Rule 7.4 expedited non-dispositive motions to seal filed by Plaintiff Bayer Healthcare, LLC's ("Bayer") on August 28, 2009, and October 5, 2009. Bayer seeks permission to file under seal portions of its brief in support of its motion to compel discovery from Defendants Norbrook Laboratories, Ltd. and Norbrook, Inc., USA ("Norbrook"); Exhibits B, C, D, E, G, and J to the Declaration of Jamie L. Simpson ("Simpson") filed on August 28, 2009; Exhibit D to the Simpson Certification; portions of Bayer's reply brief in support of its motion to compel that cite or discuss evidence designated as confidential by Norbrook; and, Exhibits P and Q to the Simpson Declaration filed on October 5, 2009. Bayer has filed redacted versions of its initial and reply briefs in support of its motion to compel.

On September 15, 2009, Norbrook filed a statement in support of sealing the August 28, 2009, materials relying upon the policy of confidentiality reflected by 21 C.F.R. § 20.61 and § 314.430, United States Food and Drug Administration ("FDA") regulations, which govern the disclosure of the existence of abbreviated new animal drug applications ("ANADAs") and data and information in ANADAs. Norbrook also provides specific information regarding Exhibits B, C, D, E, G, and J to the Simpson Declaration filed on August 28, 2009, and Exhibit D to the Simpson Certification filed on August 28, 2009.

Norbrook has not established that the exhibits proffered with the sealing request were filed with the FDA, nor has it provided any case law or similar authority for extending the scope of the regulations beyond FDA filings. Thus, the Court will not rely upon the FDA regulations or the policy underlying those regulations as providing "good cause" to seal the materials.

However, based on the specific information provided by Norbrook, the Court concludes that "good cause" exists to seal Exhibit B to the Simpson Declaration, which is an excerpt from the Rule 30(b)(6) deposition of Norbrook witness William G. Zollers ("Zollers") whose testimony relates to proprietary Norbrook commercial information related to the filing of the ANADA with the FDA, and Exhibits C, D, E, and G to the Simpson Declaration which are internal proprietary emails from Norbrook containing commercial information and strategy related to the filing of the ANADA with the FDA. Good cause also exists for sealing Exhibit J to the Simpson Declaration, which is the same as Exhibit D to the Simpson Certification. That Exhibit is a letter from Norbrook's counsel to Bayer's counsel which contains Norbrook

confidential development and commercial information including a list of distributors that Norbrook has used to distribute some of its products other than the generic version of the injectable animal drug product BAYTRIL® 100 at issue in this litigation. The Court further finds that the redaction of Bayer's brief in support of its motion to compel is limited to confidential material and that, therefore, good cause exists for sealing that brief. Thus, the Court will grant Bayer's motion to seal Exhibits B, C, D, E, G, and J to the Simpson Declaration filed on August 28, 2009, Exhibit D to the Simpson Certification filed on August 28, 2009, and the brief in support of Bayer's motion to compel. However, the sealing order will expressly provide that any party and any interested member of the public may challenge the sealing of those papers. *See County Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 740 (7th Cir. 2007).

As to Bayer's motion to seal filed October 5, 2009, no facts are provided other than Norbrook has designated Exhibits Q and P as confidential. Review of Exhibit P discloses that it contains confidential development and commercial information which provides good cause for its sealing. However, as to Exhibit Q, good cause for sealing is not disclosed from the Court's review of that document. *See id.* Thus, the Court will allow the parties to file a brief statement of any facts which they believe establish good cause to seal Exhibit Q, and excerpts of, or discussions of it in Bayer's reply brief in support of its motion to compel. The parties may file that statement of facts by November 5, 2009. After that date, the Court will decide the expedited motion to seal filed on October 5, 2009.

3

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Bayer's Civil Local Rule 7.4 expedited non-dispositive motion to seal filed on August 28, 2009, (Docket No. 78) is **GRANTED**.

Exhibits B, C, D, E, G, and J to the Simpson Declaration filed on August 28, 2009, (Docket No. 83), Exhibit D to the Simpson Certification filed on August 28, 2009, (Docket No. 84); and, Bayer's brief in support of its motion to compel (Docket No. 82) are **SEALED**.

Any party or interested member of the public may challenge the sealing of any or all of the following papers: Exhibits B, C, D, E, G, and J to the Simpson Declaration filed on August 28, 2009 (Docket No. 83); Exhibit D to the Simpson Certification filed on August 28, 2009, (Docket No. 84); and, Bayer's brief in support of its motion to compel (Docket No. 82).

**No later than November 5, 2009,** the parties may file a statement of any facts that they believe provide the basis for sealing Exhibit Q to the Simpson Declaration filed on October 5, 2009, and, excerpts or discussions of it in Bayer's reply brief in support of its motion to compel.

Dated at Milwaukee, Wisconsin this 22nd day of October 2009.

**BY THE COURT**

*s/ Rudolph T. Randa*
**Hon. Rudolph T. Randa**
**U.S. District Judge**