UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**BAYER HEALTHCARE, LLC,**

        Plaintiff,

vs.

**NORBROOK LABORATORIES, LTD., and NORBROOK, INC., USA,**

        Defendants.

**Case No. 08-C-953**
**[Consolidated w/Case No. 09-C-108]**

**AMENDED SCHEDULING ORDER AND ORDER
RE: DEPOSITIONS AND MOTION TO COMPEL**

The Scheduling Order entered by this Court on February 18, 2009 in the above-titled actions is hereby amended. Deadlines that are amended as of this order are indicated by underlined text.

**IT IS ORDERED** that:

1. The close of fact discovery is July 28, 2010 [previously: February 20, 2010].

2. On or before September 3, 2010 [previously: March 20, 2010], the party with the burden of proof on issues at trial must notify the opposing party of any expert witnesses they may call at trial, and must submit with that notice a report containing all the information required by Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, or the party with the burden of proof on issues for trial will be barred from calling such witnesses as experts at trial.

3. On or before October 1, 2010 [previously: April 24, 2010], each party must notify the opposing party of any rebuttal expert witnesses the party may call at trial, and must submit with that notice a report containing all the information required by Rule 26(a)(2)(B)

of the Federal Rules of Civil Procedure, or that party will be barred from calling such rebuttal witnesses as experts at trial.

  4. On or before <u>October 22, 2010</u> [previously: May 14, 2010], the plaintiff must notify the defendants of its expert witnesses regarding objective indicia of obviousness and submit with that notice a report containing all the information required by Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, or the plaintiff will be barred from calling such witnesses as experts at trial.

  5. All requests for expert discovery must be served by a date sufficiently early so that all expert discovery in this case can be completed no later than <u>December 3, 2010</u> [previously: June 30, 2010]. Neither the pendency of motions nor settlement discussions shall affect any of the dates set in this action, and neither shall justify delays in the taking of expert discovery.

  6. On February 22, 2011, at 2:00 p.m. (CT), the Court will initiate and conduct a final pretrial conference call. Pursuant to Civil L. R. 16.3, each party must serve and file a final pretrial report in compliance with the Pretrial Report Order attached hereto and incorporated herein.

  7. This case will be tried to the Court. This case will be called for trial at 9:00 a.m. (CT) on March 21, 2011. The trial is estimated to last six to seven days.

  8. To provide the plaintiff the opportunity to seek preliminary relief, in the event that the defendants' Abbreviated New Animal Drug Application ("ANADA") is approved prior to this Court's adjudication of the plaintiff's claims, the defendants must not sell or offer for sale their accused ANADA product unless and until 25 days after they have provided the plaintiff with notice that the Food and Drug Administration has issued a final approval of the defendants' ANADA.

9. The parties' April 26, 2010, status report discloses that a discovery dispute has arisen regarding the location for the depositions of Norbrook witnesses, who reside in Northern Ireland, in or near the City of Newry. Norbrook asserts they should be taken at the witnesses' regular place of employment in Northern Ireland. Bayer maintains that they should be taken in the United States at a location to be chosen by the Court.

Previously, the parties had agreed to hold the depositions in Northern Ireland. However, an escalation of violence caused Bayer to reconsider its prior agreement. Having carefully considered Bayer's documentation regarding the situation in Northern Ireland, the Court declines to require the Norbrook witnesses to travel to the United States and directs that the depositions of the Norbrook witnesses be taken at the Norbrook's facility in Newry.

10. The Plaintiff Bayer Healthcare LLC ("Bayer") filed a motion to compel the Defendants, Norbrook Laboratories, Ltd. and Norbrook, Inc. USA (collectively "Norbrook"), to provide complete responses to Bayer's Interrogatories 16 and 17, and to Bayer's Requests for Production 3, 4, 36, 38 through 40, 42, and 43. Norbrook asserts that the discovery sought is overbroad and/or irrelevant, and that Interrogatories 16 and 17 are premature. Bayer argues that Norbrook waived its right to assert that the two interrogatories are premature because it did not raise that objection in response to those interrogatories and, in any event, they are not premature.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Nw. Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 930 (7th Cir. 2004) (quoting Fed. R. Civ. P. 26(b)(1)).

The contested discovery issues fall into three categories. The first category is information regarding the extent to which Norbrook expected that the generic product

would actually be used in a non-infringing manner when it filed its ANADA. The associated discovery requests are Interrogatories 16 and 17, and Requests for Production 42 and 43. The subject discovery is relevant because Bayer must prove, *inter alia*, that Norbrook's product was specially adapted for an infringing use and has no substantial non-infringing use, and/or that Norbrook had knowledge of the patent and took steps to encourage others to infringe it. Furthermore, the Court rejects Norbrook's belated argument that Interrogatories 16 and 17 should be denied on the ground that they are contention interrogatories presented too early in the case. *See Thomas v. Betts Corp. v. Panduit Corp.*, No. 93 C 4017, 1996 WL 169389*3-*4 (N.D. Ill. Apr. 9, 1996). At this juncture, Norbrook should be capable of responding to the propounded questions. Therefore, Norbrook must provide a complete response to Bayer's Interrogatories 16 and 17, and Requests for Production 42 and 43.

The second category of disputed discovery requests relate to information about Norbrook's process for determining which generic drugs to bring to market. The related discovery requests are Requests for Production 3, 4, and 36. Characterizing such information as *modus operandi* evidence, Bayer seeks the information to gain insight into Norbrook's practices in analyzing markets and deciding whether to file ANADAs. Bayer's requests may lead to the discovery of relevant evidence and, therefore, the Court will require Norbrook to provide complete responses to Bayer's Requests for Production 3, 4, and 36.

The third category of disputed requests seeks information regarding Norbrook's strategy for marketing and distributing its ANADA products. The pertinent discovery requests are Requests for Production 38 through 40. As with the second category, Bayer seeks information tending to show how Norbrook's generic products have competed with their name brand counterparts. Bayer maintains that Norbrook has followed, what Bayer

believes is the general model for generic brand companies; i.e., to intrude upon and "capture" the brand market. Bayer seeks information about Norbrook's pricing and distribution of products in the past, and information about its relationships with its distributors and end-users. The requested information may lead to the discovery of relevant evidence regarding whether Norbrook encourages its distributors/end-users to infringe. These disputed requests are likely to lead to the production of relevant evidence. Therefore, the Court will require Norbrook to provide complete responses to Bayer's Requests for Production 38 through 40. Based on the foregoing, Bayer's motion to compel (Docket No. 79) is **GRANTED**.

Dated at Milwaukee, Wisconsin this __7th__ day of May, 2010.

                                                **BY THE COURT:**

                                                s/ Rudolph T. Randa
                                                **Hon. Rudolph T. Randa**
                                                **U.S. District Judge**

## **PRETRIAL REPORT ORDER**

**IT IS ORDERED** that each party must file a pretrial report. Reports are due at least 14 days before the scheduled start of the trial or, if a final pretrial conference is scheduled, 7 days before the conference. The report must be signed by the attorney (or a party personally, if not represented by counsel) who will try the case. Sanctions, which may include the dismissal of claims and defenses, may be imposed if a trial report is not filed.

The report must include the following:

1. A short summary, not to exceed 2 pages, of the facts, claims and defenses;

2. A statement of the issues;

3. The names and addresses of all witnesses expected to testify. Any witness not listed will not be permitted to testify absent a showing of good cause;

4. A statement of the background of all expert witnesses listed;

5. A list of exhibits to be offered at trial sequentially numbered according to General L.R. 26 where practicable;

6. A designation of all depositions or portions of transcripts or other recordings of depositions to be read into the record or played at trial as substantive evidence. Reading or playing more than 5 pages from a deposition will not be permitted unless the Court finds good cause;

7. An estimate of the time needed to try the case; and,

8. If scheduled for a jury trial:

    a. Any proposed voir dire questions;
    b. Proposed instructions on substantive issues; and
    c. A proposed verdict form.

9. If scheduled for a bench trial, proposed findings of fact and conclusions of law. (See Fed. R. Civ. P. 52).

In addition to completing a pretrial report, counsel are expected to confer and make a good faith effort to settle the case. Counsel are also expected to arrive at stipulations that will save time during the trial.