IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

BAYER HEALTHCARE LLC,

    Plaintiff,

vs.

NORBROOK LABORATORIES, LTD
and NORBROOK, INC. USA,

    Defendants.

Case No. 08-C-0953

**HIGHLY CONFIDENTIAL – SUBJECT TO THE PROTECTIVE ORDER**

### DECLARATION OF STANLEY E. FISHER

I, Stanley E. Fisher, declare under penalty of perjury, as follows:

1. I am an associate with the law firm of Williams & Connolly LLP, counsel for Plaintiff Bayer Healthcare LLC ("Bayer") in the above-captioned case.

2. I submit this declaration in support of Bayer's Opposition to Norbrook's Motion for Reconsideration of the Court's October 14, 2010 Decision and Order or, in the alternative, for Leave to File Its Third Amended Answer and Counterclaims. I am personally familiar with all the facts stated in this Declaration.

3. The discovery period commenced on May 1, 2009. (Dkt.34) On July 31, 2009, almost three months after the discovery period began, Norbrook served its first set of document requests on Bayer. Ex. F.

4. Documents upon which Norbrook relies for its § 112 defense, specifically those attached to the expert report of Dr. Stephen R. Bryn (BHC00036539- BHC00036583, BHC00036584- BHC00036624, BHC00036625- BHC00036667, BHC00070842- BHC00070881, BHC00070575- BHC00070608, BHC00070786- BHC00070804,

BHC00070673- BHC00070694), were produced on October 5, 2009, Ex. P, more than six weeks before the November 20, 2009 deadline to amend the pleadings (Dkt. 34).

5. Bayer produced over 90% of the documents responsive to Norbrook's requests for production by the end of October 2009. That is, Bayer's document collection, review, and production took approximately three months. If Norbrook had served its document requests at the commencement of discovery, on May 1, 2009, it is my belief that Bayer's document production would have taken approximately the same amount of time (three months), and thus would have been substantially complete by the end of July 2009. Until September 17, 2010, when Norbrook served its expert reports and supplemental interrogatory response, Bayer understood that Norbrook was foregoing all § 112 defenses and counterclaims as they related to claims 4 and 5. Bayer understood those defenses not to be part of this case at the time of Norbrook's agreement to forgo them and afterwards. Indeed, until the instant dispute, the pleadings and correspondence in the case do not reflect what Norbrook now contends to be its understanding in any way.

6. Had Bayer known of the need to prepare a response to a § 112 defense during the discovery period, it would have conducted factual discovery in order to rebut Norbrook's contention that fluoroquinolones other than enrofloxacin cannot be formulated and used to treat bovine respiratory disease in a single high dose without "undue experimentation." Bayer also would have engaged an expert or experts to address the defense.

7. For instance, Bayer would have:
   a. sought testimony from current and former employee witnesses of Bayer, including that of the inventors, regarding enrofloxacin and other fluoroquinolone formulations;

b. obtained documents and deposition testimony from Norbrook concerning its experience

REDACTED

c. obtained documents and deposition testimony from third parties with experience formulating fluoroquinolones, such as companies in the veterinary field that have experience making fluoroquinolone formulations (including compounding companies), and more specifically, Pfizer, which sells a formulation of the fluoroquinolone danofloxacin.

8. Even if Bayer expends the resources to prepare a response to Norbrook's § 112 argument at this late stage, it is not certain that it will be able to develop the record it would have developed over the last 19 months had it been given notice of Norbrook's § 112 defense in a timely fashion.

9. Furthermore, the discovery required to respond to Norbrook's § 112 argument as will take many months. Bayer will have to retain a formulation expert. If Bayer's formulation expert were to choose to perform testing, such testing may require months to plan, contract out, complete, and build into an expert report. In addition, the parties cannot control the timing of third-party discovery, as even with the use of targeted subpoenas, strict timelines may be difficult to adhere to without considering the possibility of enforcement proceedings. Taking discovery from Norbrook will also take substantial time.

*****

3

10. Attached hereto as Exhibit A is a true and correct copy of an email from Norbrook's counsel to Bayer's counsel, dated January 19, 2009.

11. Attached hereto as Exhibit B is a true and correct copy of an email exchange between Bayer's counsel and Norbrook's counsel, containing emails dating January 19 – January 27, 2009.

12. Attached hereto as Exhibit C is a true and correct copy of the draft answer sent from Norbrook's counsel to Bayer's counsel, dated January 19, 2009.

13. Attached hereto as Exhibit D is a true and correct copy of excerpts from Bayer's first set of interrogatories, dated May 1, 2009.

14. Attached hereto as Exhibit E is a true and correct copy of excerpts from Norbrook's response to Bayer's first set of interrogatories, dated June 15, 2009.

15. Attached hereto as Exhibit F is a true and correct copy of Norbrook's first set of requests for production, dated July 31, 2009.

16. Attached hereto as Exhibit G is a true and correct copy of a notice of subpoena to Pharma-Logic Discovery, Inc., dated June 28, 2010 and filed under seal.

17. Attached hereto as Exhibit H is a true and correct copy of a notice of subpoena to Southern Research Institute, dated June 28, 2010 and filed under seal.

18. Attached hereto as Exhibit I is a true and correct copy of excerpts from the deposition transcript of Terry Sarver Wollen, dated July 20, 2010 and filed under seal.

19. Attached hereto as Exhibit J is a true and correct copy of excerpts from the deposition transcript of Dennis David Copeland, dated August 4, 2010 and filed under seal.

20. Attached hereto as Exhibit K is a true and correct copy of Norbrook's amended responses to Bayer's interrogatories, dated September 17, 2010.

4

21. Attached hereto as Exhibit L is a true and correct copy of a letter from Bayer's counsel to Norbrook's counsel, dated September 20, 2010.

22. Attached hereto as Exhibit M is a true and correct copy of a letter from Norbrook's counsel to Bayer's counsel, dated September 23, 2010.

23. Attached hereto as Exhibit N is a true and correct copy of excerpts from the deposition transcript of Kathleen Marie Ewert, dated August 13, 2010 and filed under seal.

24. Attached hereto as Exhibit O is a true and correct copy of a letter sent from Norbrook to Bayer, received by Bayer on September 29, 2008.

25. Attached hereto as Exhibit P is a true and correct copy of a letter sent from Bayer's counsel to Norbrook's counsel, dated October 5, 2009.

26. Attached hereto as Exhibit Q is a true and correct copy of excerpts from the deposition transcript of Lillian Cromie, dated July 28, 2010 and filed under seal.

27. Attached hereto as Exhibit R is a true and correct copy of Exhibit #46 to the deposition of Lillian Cromie, taken on July 28, 2010 and filed under seal.

28. Attached hereto as Exhibit S is a true and correct copy of *Hydro-Thermal Corp. v. Pro-Sonix, LLC*, 2010 WL 1441239 (E.D. Wis. Apr. 8, 2010).

29. Attached hereto as Exhibit T is a true and correct copy of *Duramed Pharm., Inc. v. Watson Labs., Inc.*, 2008 WL 5232908 (D. Nev. Dec. 12, 2008).

30. Attached hereto as Exhibit U is a true and correct copy of *Reid-Ashman Mfg. v. Swanson Semiconductor Serv., LLC*, 2007 WL 1394427 (N.D. Cal. May 10, 2007).

31. Attached hereto as Exhibit V is a true and correct copy of *Omega Patents, LLC v. Lear Corp.*, 2007 WL 4247674 (M.D. Fla. Nov. 30, 2007).

32. Attached hereto as Exhibit W is a true and correct copy of *Fath v. Higgins*, 1986 WL 15098 (N.D. Ill. Dec. 23, 1986).

33. Attached hereto as Exhibit X is a true and correct copy of *AIG Centennial Ins. Co. v. O'Neill*, 2010 WL 4116555 (S.D. Fla. Oct. 18, 2010).

34. Attached hereto as Exhibit Y is a true and correct copy of *Bradford v. City of Modesto*, 2009 WL 3489413 (E.D. Cal., Oct. 26, 2009).

35. Attached hereto as Exhibit Z is a true and correct copy of *Nichia Corp. v. Seoul Semiconductor Co., Ltd.*, 2007 WL 2533729 (N.D. Cal. Aug. 31, 2007).

36. Attached hereto as Exhibit AA is a true and correct copy of *Todd, Jr. v. Kohl's Dept. Store*, 2010 WL 3720265 (N.D. Ill. Sept. 15, 2010).

37. Attached hereto as Exhibit BB is a true and correct copy of *Hostcentric Techs., Inc. v. Republic Thunderbolt, LLC*, 2005 WL 1377853 (S.D.N.Y. June 9, 2005).

38. Attached hereto as Exhibit CC is a true and correct copy of *Longo v. First Nat'l Mortg. Sources*, 2010 WL 3169276 (D.N.J. July 14, 2010).

39. Attached hereto as Exhibit DD is a true and correct copy of *Rohm & Haas Elec. Materials, LLC v. Honeywell In'l, Inc.*, 2009 WL 1033651 (D. Del. Apr. 16, 2009).

40. Attached hereto as Exhibit EE is a true and correct copy of *Frank v. 84 Components Co.*, 2002 WL 1364168 (S.D. Ind. June 18, 2002).

41. Attached hereto as Exhibit FF is a true and correct copy of *MagSil Corp. v. Seagate Tech.*, 2010 WL 2710472 (D. Del. July 7, 2010).

42. Attached hereto as Exhibit GG is a true and correct copy of *Ariba, Inc. v. Emptoris, Inc.*, 2008 WL 7285523 (E.D. Tex. Sept. 9, 2008).

43. Attached hereto as Exhibit HH is a true and correct copy of *Google, Inc. v. Netlist, Inc.*, 2010 WL 1838693 (N.D. Cal. May 5, 2010).

44. Attached hereto as Exhibit II is a true and correct copy of *In re Katz Interactive Call Processing Patent Litig.*, 2008 WL 3983824 (C.D. Cal. Aug. 27, 2008).

45. Attached hereto as Exhibit JJ is a true and correct copy of *Chamberlain Group, Inc. v. Lear Corp.*, 2010 WL 3632471 (N.D. Ill. Sept. 10, 2010).

46. Attached hereto as Exhibit KK is a true and correct copy of *Allied Alloys, L.P. v. Omnisource Corp.*, 2010 WL 1541225 (N.D. Ind. Apr. 15, 2010).

47. Attached hereto as Exhibit LL is a true and correct copy of *Fausset v. Mortg. First, LLC*, 2010 WL 1212085 (N.D. Ind. Mar. 23, 2010).

48. Attached hereto as Exhibit MM is a true and correct copy of *Schreiber Foods, Inc. v. Wang*, 2010 WL 545879 (E.D. Wis., Feb. 11, 2010).

49. Attached hereto as Exhibit NN is a true and correct copy of *Connectics Corp. v. Pentech Pharm., Inc.*, 2009 WL 1309102 (N.D. Ill. May 8, 2009).

50. Attached hereto as Exhibit OO is a true and correct copy of *Nett v. Milwaukee County*, 2005 WL 1962991 (E.D. Wis., Aug. 15, 2005).

51. Attached hereto as Exhibit PP is a true and correct copy of *Mellon Bank, N.A. v. Miglin*, 1995 WL 230492 (N.D. Ill. Jan. 10, 1995).

I declare that the foregoing is true and correct. Executed on this 12th day of November, 2010.

/s/ Stanley E. Fisher
Stanley E. Fisher

7