**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

**BAYER HEALTHCARE, LLC,**

        **Plaintiff-
        Counterclaim Defendant,**

   v.

                                                                                 **Case No. 08-C-953**

**NORBROOK LABORATORIES, LTD.,
and NORBROOK, INC. USA,**

        **Defendants-
        Counterclaimants.**

## DECISION AND ORDER

Defendants Norbrook Laboratories, Ltd., and Norbrook, Inc. USA (collectively "Norbrook") filed a motion for reconsideration of the Court's October 14, 2010, Decision and Order to the extent that it granted the Civil Local Rule 7(h) expedited non-dispositive motion[1] of Bayer Healthcare LLC ("Bayer") to strike the expert reports of Stephen R. Byrn ("Byrn") and Laurel J. Gershwin ("Gershwin") and the amended interrogatory responses of Norbrook Laboratories, Ltd., and Norbrook, Inc. USA (collectively "Norbrook") as those materials related to its § 112 defense(s) and counterclaim(s). Alternatively, pursuant to Rules 15(a)(b)

---

[1] The Court corrected Bayer's reference to the local rule under which its expedited motion was brought.

and 16(b) of the Federal Rules of Civil Procedure, Norbrook requests leave to file a Third Amended Answer and Counterclaims.

This Decision and Order further articulates and memorializes this Court's rulings with respect to the motion as stated during the March 23, 2011, in-person status conference in this matter. Although Norbrook has not established a basis for granting its motion for reconsideration, the Court is persuaded that it should allow Norbrook to amend its pleadings thereby making relevant the expert reports of Byrn and Gershwin as well as Norbrook's amended interrogatory responses that were previously stricken. Therefore, the Court will vacate that portion of its prior order.

## Reconsideration

In seeking reconsideration, Norbrook cites only Rule 41 of the Federal Rules of Civil Procedure arguing that the Court overlooked the requirements of that rule. However, Norbrook's contentions present several problems.

As a threshold matter, Norbrook simply terms its motion as a motion for reconsideration. However, the motion either falls within the scope of Rule 59(e) or Rule 60 of the Federal Rules of Civil Procedure and is subject to the requirements of the applicable rule.[2] *See Hope v. United States*, 43 F.3d 1140, 1142 n.2 (7th Cir. 1994) (stating "strictly

---

[2] As this Court observed in *United States v. Roth,* 10-Misc.-001, 2010 WL 1541343 * 2 n.1 (E.D. Wis. Apr. 19, 2010):

> Historically, which Rule governed turned upon when the motion was filed; a motion filed within ten days after the judgment was treated as a motion under Rule 59(e), and a motion filed later was analyzed under Rule 60(b). *Slater v. Lemens*, No. 08-CV-1037, 2010 WL 307940, at * 1 (E.D. Wis. Jan. 19, 2010). December 1, 2009, amendments to the Federal Rules of Civil Procedure extended the time limit for filing a Rule 59(e) motion from ten to 28 days; and, accordingly, the period under which a motion to reconsider may be treated as one under Rule 59(e) changed along with it. *See*, e.g., *Slater*, 2010 WL 307940, at * 1. However, even prior to those amendments, the

2

speaking," a motion for reconsideration does not exist under the Federal Rules of Civil Procedure.)

Norbrook filed its motion less than 28 days after the Court issued its October 14, 2010, Decision and Order. The motion also encompasses matters decided on the merits. Therefore, the motion is deemed to be a Rule 59(e) motion. *See Obriecht*, 517 F.3d at 493.

Rule 59(e) allows a court to amend a judgment "only if the [movant] can demonstrate a manifest error of law or present newly discovered evidence." *Id*. at 494. It is well-settled that a Rule 59(e) motion is not properly utilized "to advance arguments or theories that could and should have been made before the district court rendered a judgment. . . ." *Sigsworth v. City of Aurora*, 487 F.3d 506, 512 (7th Cir. 2007) (citations omitted).

However, Norbrook did not mention Rule 41 in its filings in opposition to Bayer's Civil Local Rule 7(h) motion to strike the reports of Bryn and Gershwin and Norbrook's amended interrogatory responses. Thus, the argument is new and could have been previously advanced.

Norbrook also argues that the submissions were truncated due to the restrictions imposed under Civil Local Rule 7(h)[3] – the format of the motion chosen by Bayer. This too

---

Court of Appeals for Seventh Circuit abandoned a strict temporal approach to determining how motions filed within the time constraints of Rule 59(e) would be treated, choosing instead to focus on the substance of the issue raised in the motion. *See Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008); *Borrero v. City of Chi.*, 456 F.3d 698, 701-02 (7th Cir. 2006). Thus, even where a motion for reconsideration is filed within the time limit required by Rule 59(e), the grounds for relief asserted in the motion ultimately determine which Rule governs. *Id.*

[3]In pertinent part, Civil Local Rule 7(h)(2) provides:

. . . The motion must not exceed 3 pages excluding any caption and signature block. The movant may not file a separate memorandum with the motion. The movant may file with the motion an affidavit or declaration for purposes of (1) attesting to facts pertinent to the motion and/or (2) authenticating documents relevant to the issue(s) raised in the motion. The movant's affidavit or

3

is a new argument that could have been advanced earlier. Regardless, both parties' submissions were subject to the constraints of that rule.

Moreover, even if the Court considered Norbrook's contentions, they are not persuasive. As aptly stated in *Berthold Types Ltd. v. Adobe Sys. Inc.*, 242 F.3d 772, 777 (7th Cir. 2001), Rule 41(a)(1)(i) does not speak of dismissing one claim in a suit; it speaks of dismissing "an action" – which is to say, the whole case. *See also*, 9 Charles Alan Wright and Arthur R. Miller*, Federal Practice and Procedure,* § 2362 & n.12 (collecting cases) (3d ed. 2008). Norbrook has not established that Rule 41 applies to the dismissal of claims. None of Norbrook's other arguments establish that this Court made a manifest error of law or present newly discovered evidence. Therefore, Norbrook's motion for reconsideration is denied.

**Amendment of Pleadings**

Alternatively, Norbrook seeks permission to file a Third Amended Answer and Counterclaims that includes the § 112 defenses and counterclaims. The proposed amended pleading is proffered as attachment nine to the Declaration of Dillon Kim in support of Norbrook's motion for reconsideration or to amend.

In opposition, Bayer asserts that Norbrook has not been diligent in seeking to amend its pleadings. It also maintains that Bayer will experience tremendous prejudice if the § 112 defense is now added to this action.

---

declaration may not exceed 2 pages. The respondent must file a memorandum in opposition to the motion within 7 days of service of the motion, unless otherwise ordered by the Court. The respondent's memorandum must not exceed 3 pages. The respondent may file with its memorandum an affidavit or declaration for purposes of (1) attesting to facts pertinent to the respondent's memorandum and/or (2) authenticating documents relevant to the issue(s) raised in the motion. The respondent's affidavit or declaration may not exceed 2 pages. No reply brief is permitted absent leave of Court.

4

Rule 15(a)(2), which governs amendments to pleadings before trial, allows a party to amend its complaint with the district court's leave; the rule adds that "the court should freely give leave when justice so requires." *Joseph v. Elan Motorsports Techs. Racing Corp.*, No. 10-1420, __ F.3d __, 2011 WL 855852, * 2 (7th Cir. Mar. 14, 2011). This Court may deny leave to file an amended complaint in the event of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (quoting *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC,* 499 F.3d 663, 666 (7th Cir. 2007) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962))). While a court may deny a motion for leave to file an amended complaint, such denials are disfavored. *Id*.

In considering Norbrook's motion to amend, the Court concludes that it did not unduly delay in requesting an amendment of its pleadings. The chronology of the discovery conducted in this case discloses that the limited testing of the fluoroquinolones claimed by United States Patent No. 5,756,506 (the "'506 Patent") was not revealed until August 2010. Furthermore, although the parties may have to supplement the discovery taken in this action and re-depose witnesses and thereby incur additional costs, those costs will be borne by Norbrook as well as Bayer. Moreover, a December 2010 letter from Norbrook to the United States Food and Drug ("FDA") and Norbrook's new label – matters completely independent of Norbrook's request to amend its pleadings – would have required additional discovery. While reluctant to release Norbrook from its agreement, this Court concludes that in the

5

interest of justice, Norbrook should be allowed to amend its pleadings as requested. Therefore, the Court will direct the Clerk of Court to file Norbrook's proposed amended pleading.

**Other Matters**

As stated during the March 23, 2011, status hearing, due to the Court's decision to grant Norbrook's motion to file its amended pleading and the need for additional fact and expert discovery on the § 112 enablement defense, as well as Norbrook's new label and its December 2010, letter to the FDA, the April 4, 2011, final pretrial telephone conference and May 2, 2011, trial dates in this matter are cancelled. The final pretrial telephone conference will be conducted on January 6, 2012, at 10:00 a.m and the one-week court trial will commence at 9:00 a.m. on February 6, 2012. The parties also will submit a proposed fifth amended scheduling order to govern the additional discovery to be taken in this action consistent with the new final pretrial conference and trial dates.

Norbrook also agreed that it will not oppose an extension of the stay in this matter until June 30, 2011. Therefore, the stay is extended through June 30, 2011. The Court will resolve the extension of the stay beyond that date upon the completion of briefing on the issue.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Norbrook's motion (Docket No. 137) is **DENIED** as to reconsideration of the Court's Decision granting in part Bayer's Civil Local Rule 7(h) to strike the expert reports of

Byrn and Gershwin and the amended interrogatory responses of Norbrook (Docket No. 129); and **GRANTED** as to amendment of the pleadings;

The Court **VACATES** that portion of its October 14, 2010, Decision and Order (Docket No. 136) granting Bayer's Civil Local Rule 7(h) to strike the expert reports of Byrn and Gershwin and the amended interrogatory responses of Norbrook;

The Clerk of Court is **DIRECTED** to file Norbrook's Third Amended Answer and Counterclaims (Attach. 9, Kim Decl. (Docket 139));

The April 4, 2011, final pretrial telephone conference and May 2, 2011, trial dates are **CANCELLED**;

The final pretrial telephone conference will be initiated by the Court and conducted on **January 6, 2012, at 10:00 a.m (CST)** and the one-week court trial will commence at **9:00 a.m. (CST) on February 6, 2012**;

Pursuant to Civil Local Rule 16(c), each party **MUST SERVE AND FILE** a final pretrial report in compliance with the Final Pretrial Order attached to this Decision and Order;

The parties **MUST** submit a proposed fifth amended scheduling order to govern the additional discovery to be taken in this action;

The **STAY** on Norbrook's commercialization of its product is **EXTENDED** through **June 30, 2011**;

Bayer **MUST FILE** its brief regarding further extension of the stay no later than **April 6, 2011**;

Norbrook **MUST FILE** its brief regarding further extension of the stay no later than **April 20, 2011**; and

Bayer **MUST FILE** any reply thereto no later than **April 27, 2011**.

Dated at Milwaukee, Wisconsin this 24th day of March, 2011.

                                      **BY THE COURT**

                                      *s/ Rudolph T. Randa*
                                      **Hon. Rudolph T. Randa**
                                      **U.S. District Judge**

## **PRETRIAL REPORT ORDER**

**IT IS ORDERED** that each party must file a pretrial report. Reports are due at least 14 days before the scheduled start of the trial or, if a final pretrial conference is scheduled, 7 days before the conference. The report must be signed by the attorney (or a party personally, if not represented by counsel) who will try the case. Sanctions, which may include the dismissal of claims and defenses, may be imposed if a trial report is not filed.

The report must include the following:

1. A short summary, not to exceed 2 pages, of the facts, claims and defenses;

2. A statement of the issues;

3. The names and addresses of all witnesses expected to testify. Any witness not listed will not be permitted to testify absent a showing of good cause;

4. A statement of the background of all expert witnesses listed;

5. A list of exhibits to be offered at trial sequentially numbered according to General L.R. 26 where practicable;

6. A designation of all depositions or portions of transcripts or other recordings of depositions to be read into the record or played at trial as substantive evidence. Reading or playing more than 5 pages from a deposition will not be permitted unless the Court finds good cause;

7. An estimate of the time needed to try the case; and,

8. If scheduled for a jury trial:

    a. Any proposed voir dire questions;
    b. Proposed instructions on substantive issues; and
    c. A proposed verdict form.

9. If scheduled for a bench trial, proposed findings of fact and conclusions of law. (See Fed. R. Civ. P. 52).

In addition to completing a pretrial report, counsel are expected to confer and make a good faith effort to settle the case. Counsel are also expected to arrive at stipulations that will save time during the trial.